IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEWISH LEGAL NEWS, INC., a non-profit Corporation,<br><br>Petitioner,<br><br>vs.<br><br>JACLYN KLINTOE, in her official capacity as Custodian of Records; and BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, LINCOLN,<br><br>Respondent. | 4:23-CV-3145<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on its own motion, pursuant to its obligation to its duty to consider its own jurisdiction. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1112 (2023). *Wilkins v. United States*, 143 S. Ct. 870, 876 (2023). The petition is seeking a writ of mandamus to enforce provisions of Nebraska's public records statutes. *See* filing 1.

    Of course, that's a state law claim—the petition contains no reference to, nor does it claim any reliance on, federal law. *See* filing 1. So this Court's jurisdiction, if it is to be found, must be found in diversity of citizenship. *See* 28 U.S.C. § 1332. And to be fair, there is alleged diversity of parties here. *See* filing 1 at 10. But § 1332(a) also requires that " the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." And the petition only asks for injunctive and declaratory relief and "costs and reasonable attorneys' fees" under state law. Filing 1 at 18.

    It is true that statutory attorney's fees may count toward the amount in controversy. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031

(8th Cir. 2005). Moreover, in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010); *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005); *see also Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020); *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019).

But "value" in this context isn't the subjective value of the right—it's the *actual* pecuniary value of the object of the suit. *Usery*, 606 F.3d at 1019. And the petition—primarily concerned with the University's alleged lack of academic rigor, which is irrelevant to a public records request—identifies no pecuniary interest in the documents at issue (to the extent those documents have even been identified). And even at this preliminary stage, the Court can say, as a legal certainty, that even generously reasonable statutory attorney's fees aren't going to clear the jurisdictional threshold here. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Instead, as a purported basis for jurisdiction, the petition doesn't mention federal law at all—rather, the petition simply relies on the state-law procedure for judicial review found in Neb. Rev. Stat. § 84-712.03. Filing 1 at 10. But of course, a state statute can't confer jurisdiction on a federal court, because the existence of federal jurisdiction is a matter of federal law, not state law, and federal jurisdiction cannot be restricted or enlarged by the statutes of a state or decisions of state courts. *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 829 (1969); *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 581 (1954); *Woods Bros. Const. Co. v. Yankton Cnty., S.D.*, 54 F.2d 304, 308 (8th Cir. 1931); *see also Miller v. M.F.S. York/Stormor*, 595 N.W.2d 878, 883 (Neb. 1999).

In sum, this petition identifies no basis for federal court jurisdiction, nor does it allege facts sufficient to support a finding of federal court jurisdiction. The petitioner needs to take this state law claim to state court. Accordingly,

IT IS ORDERED:

1. This case is dismissed without prejudice for lack of subject matter jurisdiction.

2. A separate judgment will be entered.

Dated this 11th day of August, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge